(No. 33080.— )

BOWMAN DAIRY COMPANY, Appellee, *vs.* RICHARD LYONS, Director of Revenue, *et al.*, Appellants.

*Opinion filed May 24, 1954.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellants.

MONTGOMERY, HART, PRITCHARD & HERRIOTT, and FRANK J. DOWD, both of Chicago, (L. EDWARD HART, JR., of counsel,) for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This is a direct appeal from a decree of the circuit court of Cook County restraining the Department of Revenue and its Director from proceeding to assess or attempting to assess a retailers' occupational tax against Bowman Dairy Company for the period from January 1, 1948, to February 13, 1951, on account of sales or alleged sales to public institutions, charitable institutions, and to relief recipients.

The revenue being involved, the appeal is properly brought directly to this court.

In 1942 sixteen plaintiffs, including the Bowman Dairy Company, which is the plaintiff and sole appellee in the present litigation pending before this court, filed an amended complaint in the circuit court of Cook County praying that the defendants be restrained from assessing and collecting a retailers' occupational tax on the sale of foodstuffs to certain institutions. On April 22, 1942, the trial court entered a decree restraining the collection of the tax from any of the plaintiffs with respect to: "sales of foodstuffs to hospitals, sanitaria, infirmaries, orphanages, old people's homes, County and State houses of Detention, and other homes and institutions of like nature, such as homes for the blind and the feeble, the deaf and dumb, and crippled, nursing homes, settlement projects such as Hull House, University of Chicago and Northwestern University settlements, St. Vincent DePaul Society, Women's Center, Moody Institute, Chicago Commons Association and others, which homes are supported and maintained either by public or private subscription, endowment, or donations in the State of Illinois, and school boards, churches, schools, religious organizations, colleges, universities, or private schools, fraternities or sororities, etc., as aforesaid."

On May 14, 1942, the trial court entered an order *nunc pro tunc* as of April 22, 1942, that the words "relief or-

ganizations" be added to the decree above referred to immediately after the words "Chicago Commons Association." Such decree was not appealed from and is still in full force and effect.

Thereafter, on May 18, 1953, the Department of Revenue served notice on the Bowman Dairy Company that it was proposed to assess a tax under the Retailers' Occupation Tax Act based upon transactions whereby the dairy company delivered its products to various State and public institutions, hospitals, charitable institutions, and poor-relief recipients and not otherwise. The particular proceeding which forms the basis of this appeal is a petition by the Bowman Dairy Company to restrain the assessment of such tax for the period in question on the ground that such action would be violative of the permanent injunction previously entered. An answer was filed to the petition asserting that the original decree did not cover the type of transaction presently involved and that petitioner had an adequate remedy at law. After a hearing on complaint and answer had been held, the order appealed from was entered.

From the report of proceedings it appears that it was represented to the trial court that all of the transactions which the Department of Revenue proposed to tax constituted the type of transaction referred to in the 1942 decree; that said decree was in full force and effect and that no effort had been made to vacate or modify it and that no action or effort had been made by the Department of Revenue since the entry of the decree, until the action of the Department complained of, to collect or attempt to collect sales taxes on the transactions involved; that the Department had recognized the restraints imposed by the decree in all ways; that no taxes had been in any way directly or indirectly passed on to or collected from the various institutions and relief organizations involved who were the recipients of the products of the dairy company,

nor had any agreements been made by which the company would be indemnified should any attempt ever be made to assess the taxes on the transactions in question. None of such representations or statements were denied or controverted by the Department of Revenue, although an adjournment of the hearing was had at the court's suggestion for the purpose of permitting the Department of Revenue to determine the truth or falsity of such representations.

The Department assigns as error that as to sales in which the plaintiff has directly delivered commodities to relief clients, the clients and not the relief organizations are the purchasers and therefore such sales are not within the purview of the injunction. It is also assigned as error that the injunction, when read in the light of the pleadings on which it was issued, was restricted in its scope to sales to public or charitable institutions of foodstuffs which were subsequently retransferred to patients or inmates. The Department's arguments in support of these assignments of error are based upon the assumption that the sales involved in this case are sales in which the plaintiff delivered foodstuffs, not to any relief organization, but directly to the relief clients in exchange for vouchers or tokens redeemable in money from relief organizations.

Such alleged facts do not appear to exist from the record but appellants have asked this court to take judicial notice that there are basically three ways in which the needy may be fed free of charge under public and philanthropic auspices. First, that they may be fed in institutions such as orphanages, homes for the aged, or poor farms; second, a public body or philanthropic organization may purchase foodstuffs, accepting them directly as well as paying therefor, and may deliver these foodstuffs to those who are found to be deserving; and third, the public body or philanthropic organization may arrange for direct delivery of the foodstuffs to the poor without retransfer, merely paying therefor, and that it may or may not provide such

vouchers or tokens as may serve to entitle the recipient to food without cost to him. Appellants admit that the first two methods stated would fall within the terms of the injunction and so are not in issue, but assert the third method was here used and thus not subject to the injunction.

The decree in this case was entered after a hearing on the complaint and answer and after a specific opportunity was given the Department to show that the facts were other than as contemplated in the original injunction decree. Since there is no evidence in the record to support the above state of facts, we cannot assume that the sales involved were of the nature described by appellants. They are not facts of such a nature as to be subject to judicial notice. Such matters, to be a subject of judicial notice, must be known and well established and authoritatively settled, not doubtful or uncertain. *Sproul* v. *Springman,* 316 Ill. 271.

The only issue involved in this case is as to the effect of the decree for a permanent injunction which was the basis for the order appealed from. The decree and order appealed from restrained the Department and its Director from imposing the proposed tax based upon sales (a) to charitable organizations, (b) to public institutions, and (c) to relief organizations. No argument is advanced with respect to sales in the first two instances and the attack is limited to sales in which delivery is made directly to relief recipients.

It is contended that the answer of appellants did not raise any defenses in that respect and that this court should not consider a defense not presented by the answer. (*Bryant* v. *Lakeside Gallaries, Inc.* 402 Ill. 466; *Bittner* v. *Field,* 354 Ill. 215.) However, assuming that such defenses had been properly presented in the lower court, the recent decisions of this court in *Burrows Co.* v. *Hollingsworth,* 415 Ill. 202, and *Material Service Corp.* v. *Hollingsworth,* 415 Ill. 284, are determinative of this case. The effect of those decisions is that a permanent injunction, until modified, operates as a continuing adjudication

which stays the actions threatened and must be obeyed until vacated or modified even though erroneously issued. This point is apparently conceded by appellants in their brief where they say "That case [referring to the *Burrows case*] also held that State officials may not retroactively impose or collect taxes with respect to sales made while an unappealed injunction is in force even though the injunction is erroneous." No attempt has been made to vacate or modify the injunction directly and, in our opinion, its terms are clear and unambiguous in prohibiting the collection of tax from plaintiff on sales to relief organizations. Even though such original injunction may have been erroneously issued in the light of subsequent decisions by this court on the same subject, yet such original injunction operates as a continuing adjudication which stays the acts threatened, and it must be obeyed in spirit as well as literally until it is properly vacated or modified.

Appellants also assert that the answer put in issue facts as to the nature of the sales in question, that no evidence was heard on such issues, and that it was therefore error for the court to enter the decree appealed from, citing the recent decision of this court in *Thillens, Inc.* v. *Hodge,* 2 Ill. 2d 45. The *Thillens case* involved a judgment entered upon motion for a judgment on the pleadings where an answer had raised a material issue of fact. Here the decree appealed from was entered only after a hearing on complaint and answer wherein appellants were given a specific opportunity and invitation to introduce evidence but failed to do so. Our decision in the *Thillens case* is not applicable to the present situation.

Inasmuch as the errors relied upon are not part of the record and our decisions in the *Burrows* and *Material Service Corp. cases* are controlling, the decree appealed from is affirmed.

*Decree affirmed.*