(No. 37993.—■■■■)

WOMAN'S ATHLETIC CLUB OF CHICAGO *et al.,* Appellants, *vs.* THEODORE J. ISAACS, Director of Revenue, *et al.,* Appellees.

*Opinion filed January 22, 1964.*

ADELBERT BROWN, MILLER, GORHAM, WESTCOTT & ADAMS, and MAURICE S. CAYNE, EDWARD F. O'TOOLE, JOHN M. LEONARD, JR., and WILLIAMS AND LEONARD, all of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and EDWARD A. BERMAN, Assistant Attorneys General, of counsel,) for appellees.

STACY W. OSGOOD, for Chicago Dist. Golf Ass'n, *amicus curiae*.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This action was instituted by the Woman's Athletic Club of Chicago. Numerous other social clubs, also incorporated not-for-profit, intervened as plaintiffs. They sought to enjoin the enforcement of a 1961 amendment to section 1 of the Retailers' Occupation Tax Act, (Ill. Rev. Stat. 1961, chap. 120, par. 440) and the implementing rule of the Department of Revenue. The motion of the defendant State officers to dismiss the amended complaint was sustained, and the plaintiffs have appealed directly to this court. The revenue and the validity of a statute are involved.

The plaintiffs allege that they serve food and beverages to members and their guests, but that they do so, not in a commercial sense or for commercial purposes, "but solely as a necessary step in the rendition of a service, viz.: Cultivating and promoting friendly relations among its members and promoting the cultural arts among its members and maintaining their physical fitness."

The 1961 amendment that the plaintiffs challenge added the following paragraph to the definitions contained in the statute: "A person whose activities are organized and conducted primarily as a not-for-profit service enterprise, and

who engages in selling tangible personal property at retail (whether to the public or merely to members and their guests) shall be deemed to be engaged in the business of selling tangible personal property at retail with respect to such transactions, excepting only a person organized and operated exclusively for charitable, religious or educational purposes to the extent of sales by such person to its members, students, patients or inmates of tangible personal property to be used primarily for the purposes of such person, and to the extent of sales by such person of tangible personal property which is not sold or offered for sale by persons organized for profit." Ill. Rev. Stat. 1961, chap. 120, par. 440.

Thereafter Rule 38 of the Department of Revenue was amended to provide: "Effective August 1, 1961, nonprofit country clubs, boat clubs, employees' clubs or organizations and other nonprofit social, athletic or recreational organizations, lodges, patriotic organizations, fraternities, sororities, professional and trade associations, civic organizations, labor unions and other nonprofit persons who are not exclusive charitable, religious or educational organizations are liable for retailers' occupation tax when selling tangible personal property at retail to members, guests or others."

The plaintiffs first assert that the Department's rule was adopted without statutory authority. This assertion appears to rest upon the fact that the statute refers in general terms to a person "whose activities are organized and conducted primarily as a not-for-profit service enterprise," while the rule enumerates specific types of "nonprofit" organizations to which the statute is applicable. But nowhere do the plaintiffs indicate any respect in which the specific illustrations of the rule expand the scope of the general language of the statute. Nor do they suggest any useful purpose that the amendment could have served unless it was intended to reach the kind of not-for-profit organizations that the rule describes.

The plaintiffs rely heavily upon the presumption that in case of doubt a taxing statute is construed in favor of the taxpayer. The defendants counter with the presumption that legislative exemptions from taxation are to be strictly construed. There was an ambiguity in the amendment's statement of the exceptions to this general rule, and that ambiguity was dealt with in *Follett's Illinois Book and Supply Store, Inc.* v. *Isaacs,* 27 Ill.2d 600. But there is no ambiguity in that portion of the amendment that is involved in this case, and there is no occasion to resort to presumptions to discern its meaning. We hold that the Department's rule is authorized by the statute.

The plaintiffs' constitutional attack upon the 1961 amendment is grounded upon *Svithiod Singing Club* v. *McKibbin,* 381 Ill. 194, and can not be understood without reference to that case. It was there held that social clubs, like the plaintiffs in this case, were not subject to the Retailers' Occupation Tax Act with respect to sales of food and drinks to their members, primarily because the charters of the clubs "did not permit them to enter into and transact business for profit." It was therefore thought that the serving of food and drinks could not, "in a commercial sense," be termed their business. The primary "business or purpose" of the clubs was said to be the furnishing of service to their members, and not the transaction of sales. From 1942, when the *Svithiod case* was decided, until the 1961 amendment became effective, no effort was made to impose the tax with respect to sales made by social clubs.

The plaintiffs assert that insofar as the 1961 amendment makes them subject to the retailers' occupation tax, it violates article III and section 1 of article VI of the constitution. Article III deals with the separation of the powers of government, and the argument is that the legislature can not direct the judiciary how to decide a case, or prescribe the weight to be given to evidence. Section 1 of article VI vests the judicial power of the State in specified

courts, and the argument here appears to be that the 1961 amendment is invalid because it reverses the judicial determination made in the *Svithiod* case.

These constitutional objections rest upon a misapprehension as to what was decided in the *Svithiod* case. The question in that case was not whether social clubs could constitutionally be subjected to the tax, but whether the language of the Retailers' Occupation Tax Act, as it then stood, subjected them to the tax. That the only question involved was one of statutory construction of the statute clearly appears from the court's opinion. "In the glossary of the act the language 'persons engaged in the business' of such selling is not defined, though the word 'persons' is defined. Therefore we must seek the construction of that language in the usual, popular meaning attaching to the words used, unless the spirit and purpose of the act, as shown by its provisions, enlarges or alters that meaning * * * It follows that the word 'business,' as used in the act, is to be construed in the usual or popular meaning of the word, unless, as stated, the text or purpose of the act varies that meaning." (381 Ill. 194, 197, 198.) The opinion concluded with this sentence: "We are of the opinion that it was not the intention of the General Assembly that such vendors of food and drink should be taxed." 381 Ill. 194, 205.

One of the purposes of the 1961 amendment was to eliminate the ambiguity that made it necessary for this court to construe the statute in the *Svithiod* case. This was done by stating clearly that sales at retail by "not-for-profit service enterprises" were intended to measure a tax. Our recent opinion in *Follet's Illinois Book and Supply Store, Inc. v. Isaacs,* 27 Ill.2d 600, 607, pointed out that "the clear import of the 1961 amendatory legislation was to broaden and extend the retailers' occupation and use taxes to the sale of all books and the sales of tangible personal property by not-for-profit educational institutions excepting only

sales by such educational institutions to its members and students of tangible personal property to be used primarily for school purposes not sold or offered for sale by persons organized for profit."

Our opinion in the *Follett* case was primarily concerned with the interpretation of the exceptions to the tax that the amendment imposed upon sales by not-for-profit enterprises. In the light of the explicit provisions of the 1961 amendment, the opinion in the *Follett* case expressed the following views as to the capacity of a not-for-profit enterprise to engage in business within the meaning of the statute. The court there stated (p. 606) : "Here the facts alleged, and admitted by defendant's motion, are that educational institutions sell to their students the same books and supplies purchased at the same cost from the same sources and sold at the same price, except for the retailers' occupation tax. Obviously there is a profit accruing to a nonprofit corporation from such a transaction where there is no substantial difference in the sales price to the student, and if such sales are exempt, the profits to the school would increase as plaintiffs' customers avail themselves of the price differential between the school stores and the stores admittedly operated for profit."

The plaintiffs also urge that because, as social clubs, they render service to their members, the sales of food and drink that they make are to be considered as service transactions rather than sales. In support of this contention they rely upon such decisions as *Burgess Company* v. *Ames,* 359 Ill. 427; *Adair Printing Co.* v. *Ames,* 364 Ill. 342, and *Central Television Service, Inc.* v. *Isaacs,* 27 Ill.2d 420. In our opinion those authorities are not pertinent. The sales involved in those cases were an integral and inseparable part of the service rendered,—as in the case of the incidental sale of a new part in connection with the repair of a television set. Although the plaintiffs may be described as "service enterprises," the word "service" is used in a

very different sense in that description. The service that the plaintiffs render to their members and guests by selling them food and drink is no different from the service rendered by an ordinary restaurant or hotel.

The decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*