(No. 38567.—

WOMAN'S ATHLETIC CLUB OF CHICAGO *et al.*, Appellants, *vs.* HARRY L. HULMAN *et al.*, Appellees.

*Opinion filed November 24, 1964.*

ADELBERT BROWN, STACY W. OSGOOD, MILLER, GOR-HAM, WESCOTT & ADAMS, MAURICE S. CAYNE, EDWARD F. O'TOOLE, JOHN M. LEONARD, JR., and WILLIAMS AND LEONARD, all of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and EDWARD A. BERMAN, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The issue presented by this appeal is the effect of an unmodified permanent injunction restraining the collection of certain taxes subsequent to a substantial change in the statute imposing the tax. Revenue being involved the appeal is properly brought directly to this court.

In order to understand the question presented, a recitation of pertinent chronological facts is necessary. The appellants are private clubs who claim that funds are exacted from them for retailers' occupation taxes without authority of law. From the adoption of the Retailers' Occupation Tax Act in 1933 until the 1943 decision in *Svithiod Singing Club* v. *McKibbin*, 381 Ill. 194, taxes under that law were collected from the appellant clubs. After the *Svithiod* decision holding said collections to be illegal, and remanding the cause, a permanent injunction decree was entered by the trial court on January 21, 1943. This injunction

permanently restrained the Department of Revenue from collecting said tax at any time against the clubs for any sales made to members and their guests.

Thereafter no attempt was made to collect retailers' occupation taxes from the clubs involved until the General Assembly amended the Retailers' Occupation Tax Act in 1961 (Ill. Rev. Stat. 1961, chap. 120, pars. 440 *et seq.*). After the statute was amended Rule 38 of the Department of Revenue was also amended to apply to private clubs and the clubs paid such retailers' occupation taxes under protest under the State Moneys Act. Questions of the applicability of the 1961 amendment, as applied to membership clubs, and of the constitutionality of such amendment were the subject of a suit brought under the State Moneys Act to recoup payment of the tax paid under protest by the clubs. This resulted in a holding of this court on January 22, 1964, in *Woman's Athletic Club of Chicago* v. *Isaacs,* 30 Ill.2d 207, that the 1961 amendment to section 1 of the Retailers' Occupation Tax Act authorizes Rule 38 of the Department of Revenue; that said amendment is constitutional; and that the services clubs render to their members and guests by selling them food and drink is no different from the services rendered by a restaurant or hotel.

On March 20, 1964, the Director of the Department of Revenue filed a petition in the trial court in the *Woman's Athletic Club* case requesting an order transferring all taxes paid under protest by the clubs into the general revenue fund of the State of Illinois. On that date the trial court directed the State Treasurer to make such transfer and refused the request of the clubs for a temporary injunction restraining distribution of the taxes paid under protest pending an appeal from the order of March 20, 1964. The present appeal was taken to this court to determine when the 1961 amendment became effective. Thereafter a Justice of this court on March 31, 1964, upon petition of the clubs, ordered that the motion of the appellant

clubs to keep protest funds impounded pending appeal be continued for disposition by the full court. Subsequently, on May 11, 1964, the Director filed a motion in the trial court in the original 1943 *Svithiod* case to vacate the permanent injunction decree entered therein on January 21, 1943. The trial court on May 1, 1964, granted that motion and ordered that the decree entered on January 21, 1943, be vacated and all injunction writs dissolved.

It is the contention of the appellant clubs that the injunction order in the *Svithiod* case must be obeyed while it remains in full force and until such injunction order has been vacated or modified by the court which granted it, no matter how unreasonable and unjust the injunction may be in its terms. (*Benson* v. *Isaacs,* 22 Ill.2d 602; *Bowman Dairy Co.* v. *Lyons,* 2 Ill.2d 625, 630.) Furthermore, they state that this court has recently held that State officials may not wrongfully impose or collect taxes with respect to sales made while an unappealed injunction is in force even though the injunction is erroneous. (*Bowman Dairy Co.* v. *Lyons,* 2 Ill.2d 625; *Burrows Co.* v. *Hollingsworth,* 415 Ill. 202.) They further claim that their failure to rely on the existence of the prior *Svithiod* injunction is not fatal to their cause.

The Director contends that the 1943 injunction in the *Svithiod* case is inapplicable to the present case; that the clubs are estopped from seeking the benefits of the 1943 injunction after prosecuting *Woman's Athletic Club* v. *Isaacs,* 30 Ill.2d 207, and that the *Woman's Athletic Club* decision determined all of the clubs' rights to the impounded funds.

To understand the scope of the injunction issued in the *Svithiod* case it is necessary to understand the issue presented there. In regard to the *Svithiod* case this court observed in *Woman's Athletic Club* v. *Isaacs,* 30 Ill.2d 207, at 211: "The question in that case was not whether social clubs could constitutionally be subjected to the tax, but

whether the language of the Retailers' Occupation Tax Act, as it then stood, subjected them to the tax." A review of the *Svithiod* case and also of Germania Club v. McKibbin, circuit court of Cook County, 1943, in which substantially the same decrees were entered in 1943 reveals that Rule 7 promulgated by the Department on June 30, 1933, was the one attacked by the clubs. Rule 7 at that time read as follows: "The sale of meals by hotels, restaurants, and other public eating places, such as 'clubs', boarding houses, public dining rooms and the like are sales of tangible personal property to purchasers for use or consumption."

The decrees entered in 1943 in both the *Svithiod* and Germania cases ordered that "Rule 7 of the Rules and Regulations of the Department of Finance of the State of Illinois relating to the Retailers' Occupation Tax as amended, as applied to the plaintiffs, is unwarranted in law or in fact and be not enforced against the plaintiffs; and that the Director of Finance of the State of Illinois and his successors in office, be and are hereby permanently restrained from enforcing at any time, the aforesaid rule and the Retailers' Occupation Tax Act against the plaintiffs for any sales made by them to their members and guests."

Having considered the scope of the issues presented in the *Svithiod* case and the resulting decree therein, we determined in *Woman's Athletic Club* v. *Isaacs,* 30 Ill.2d 207, that the question in the *Svithiod* case was whether the language of the Retailers' Occupation Tax Act as it then stood subjected the clubs to the tax and in effect held that it was not an adjudication that clubs could never constitutionally be subjected to a retailers' occupation tax, nor an adjudication of nontaxability under any circumstances under any future Retailers' Occupation Tax Act or amendments thereto. We now affirm our view that the only question decided was one of statutory construction of the statute as it then existed. We also said that one of the purposes of

the 1961 amendment was to eliminate the ambiguity that made it necessary for this court to construe the statute in the *Svithiod* case.

In this case appellants say that we should have considered the contention advanced by the Chicago District Golf Association in the original *Woman's Athletic Club* case that the legal efficacy of any change in tax liability by virtue of the legislative enactment is subject to the principle that the court's ruling in the *Svithiod* case operated as a continuing adjudication that stayed the Department of Revenue from endeavoring to impose any such tax, and said adjudication must be obeyed until properly vacated or modified. They say this is true particularly because the Chicago District Golf Association was allowed to file its brief as *amicus curiae* in this court on August 16, 1963. The *amicus* brief was filed two years after the first *Woman's Athletic Club* case was begun and after the protest funds had accumulated from 1961 under temporary injunction. The appellant clubs concede that they did not mention the existing injunctions but say that the *amicus curiae* brief set out in detail the position of the clubs. It is true that this court had before it the *amicus curiae* brief when an opinion was filed in the original *Woman's Athletic Club* case. However, we have consistently held that the theory upon which a case is tried in the lower court cannot be changed on review and that an issue not presented to or considered by the trial court cannot be raised for the first time on review. (*Benson* v. *Isaacs,* 22 Ill.2d 606, 610.) In that case not only was the contention not raised in the trial court, but was not raised by the appellants in this court. Quite simply, the argument of the *amicus curiae* attempted to raise issues that were not presented by the clubs in either the trial court or this court. Although we allowed the filing of the brief as *amicus curiae,* we did not consider it in our opinion since neither party raised the issue presented by the *amicus.* It is of no assistance at this late date for the appel-

lant clubs to say that the trial court, the Supreme Court, and the taxing officials were familiar with the *Svithiod* and Germania decrees.

Having reaffirmed our interpretation of the *Svithiod* and Germania decrees in the original *Woman's Athletic Club* case, we find no occasion to distinguish the cases cited by the appellant clubs to the effect that an injunction must be obeyed while it remains in full force and effect and until such injunction order has been vacated and modified by the court which granted it, nor those cases cited for the proposition that officials may not wrongfully impose or collect taxes with respect to sales made while an unappealed injunction is in force even though the injunction is erroneous. As stated before, the decrees in the *Svithiod* and Germania cases were not ones of general nontaxability.

Because of the view we have taken we do not consider the State's contentions of estoppel and *res judicata*.

The original *Woman's Athletic Club* case held that, as to the tax funds held under protest by the defendant State Treasurer, the ownership in effect was in the State of Illinois and the funds were legally collectable. Therefore, the motion to keep protest funds impounded pending appeal which was continued for disposition by the full court is denied, and the order of the trial court dated March 20, 1964, directing the State Treasurer to transfer all taxes paid under protest by the clubs into the general revenue fund, is affirmed.

For the reasons stated above the decree and orders of the circuit court of Cook County are affirmed.

*Decree and orders affirmed.*