THE EXCHANGE NATIONAL BANK OF CHICAGO, as Trustee under Trust No. 16702, Plaintiff-Appellant, *v.* HERBERT H. BEHREL, Mayor of the City of Des Plaines, *et al.*, Defendants-Appellees.

(No. 54406;

First District—December 14, 1972.

Raymond F. Simon, and Borenstein & Griffin, both of Chicago, for appellant.

Robert J. Di Leonardi, of Des Plaines, for appellees.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order of the circuit court granting defendants' motion to strike and dismiss plaintiff's complaint for declaratory judgment. The plaintiff's complaint for declaratory judgment concerns itself with a contract for the supplying of water executed between the City of Des Plaines and the River Rand Improvement Association. Plaintiff urges this court to reverse the order of dismissal and presents the following arguments in support of its position: The plaintiff is a third party beneficiary under the contract and is entitled to sue for the enforcement of the same; assuming that plaintiff is not a third party beneficiary under the contract, the city would still be required to furnish water to plaintiff; finally, the trial court committed error when it dismissed plaintiff's amended complaint without a hearing on the merits.

We affirm.

In 1950 the City of Des Plaines entered into a contract with the River Rand Improvement Association (hereinafter referred to as "Rand") whereby the City promised to supply water to the homes of Rand members and the homes of others in the River Rand Subdivision in Maine Township. Rand agreed to pay the cost of laying all water mains necessary to facilitate such service outside the City of Des Plaines and to procure easements necessary for the water pipe extension. The agreement further provided:

"It is mutually agreed that no other person shall connect on said water main extension except upon the joint consent of the parties

hereto; it being understood that the within mentioned main shall be the property of the party of the second part, provided, however, that in the event of annexation of the territory serviced hereunder to the City of Des Plaines that the said water main or mains and the easements allowing maintenance of the same shall become, without any compensation, the property of the City of Des Plaines."

The agreement additionally provided that its terms would inure to and extend to the heirs, administrators, executors, successors and assignees of the parties.

On September 12, 1957, the Ravenswood Kiwanis Club paid Rand the required amount so that they could tap into the Rand water main. Although the property occupied by the Kiwanis Boy's Club was not a part of the River Rand Subdivision, permission was granted by Des Plaines, and a one-inch pipe conducted water to a small building which was part of the day camp run there by the Kiwanis.

In November of 1963 the Ravenswood Kiwanis sold the property to plaintiff. Plaintiff paid $1800 to Rand for permission to use water in July of 1964. Rand then wrote to the City of Des Plaines informing the city to give them water. The city, at that time, did not grant the requested permission.

In August of 1965, the City of Des Plaines annexed a large parcel of land including the River Rand Subdivision. Although it was to also include plaintiff's property, plaintiff went into the circuit court and prevented the annexation of its property. Plaintiff was planning to erect multiple dwelling apartments under the applicable county zoning ordinance, whereas, were its property to be annexed by Des Plaines, such apartments would have been in violation of the applicable Des Plaines Zoning Ordinance.

Finally, in October of 1965, the city officially refused plaintiff's request for water service. The following February plaintiff filed a mandamus action which was dismissed in June of 1966. Plaintiff then filed an amended complaint for declaratory judgment which was dismissed in October of 1969 for failure to state a cause of action. It is the order dismissing this amended complaint which is being here appealed.

■■ We must observe at the outset that if plaintiff is to be successful in its appeal, it must show that it has some rights to water furnished by the City of Des Plaines. This follows from the statute authorizing municipalities to furnish water to users outside of its corporate limits which reads in part:

"The corporate authorities of a municipality *may* provide by ordinance for the extension and maintenance of municipal sewers

and water mains, or both, in specified areas outside the corporate limits. Such service shall not be extended, however, unless a majority of the owners of record of the real property in the specified area petition the corporate authorities for the service." Ill. Rev. Stat. 1969, ch. 24, par. 11—149—1. (Emphasis added.)

The use of the word "may" in the above grant of authority implies that such extensions of service are discretionary, and consequently plaintiff must plead a legal basis for its right to such services.

Plaintiff's initial effort in furtherance of this objective can be seen in its first argument before this Court. Plaintiff argues that because the Rand-Des Plaines agreement of 1950 was made to benefit its assignor (the Ravenswood Kiwanis), as assignee and third party beneficiary, it should be able to enforce its right to water under that contract.

■■■ We hold that this argument is improperly raised on appeal. Our search of the record indicates that the third party beneficiary theory was never presented to the circuit court when it considered plaintiff's amended complaint for declaratory judgment. It is well established in this jurisdiction that a party cannot raise a new argument for the first time on appeal. *Woman's Athletic Club of Chicago v. Hulman* (1964), 31 Ill.2d 449, 202 N.E.2d 528.

Again relying upon the Des Plaines-Rand contract, plaintiff argues that the city's contractual duty to supply water was not abrogated by the city's annexation of the adjacent territory. We find this argument unconvincing. Plaintiff's property is *not* within the River Rand Subdivision, and thus plaintiff's property was not expressly covered by the 1950 agreement. Although the Ravenswood Kiwanis Club was allowed water by the city, it would appear to have been allowed so gratuitously rather than by dint of contractual right. Thus, from the terms of the contract itself, there is no duty imposed upon the city to supply water to plaintiff's property, and plaintiff cannot argue that the annexation did not abrogate a duty which the city never had.

Plaintiff next alleges that, even assuming that it was not a beneficiary under the contract, the city would still be required to furnish water to its property. As authority for this proposition, plaintiff cites five cases from other jurisdictions. We have reviewed these cases and find them not to be in accordance with Illinois law. This Court, in the case of *Rehm v. City of Batavia* (1955), 5 Ill.App.2d 442, 125 N.E.2d 831, stated the Illinois rule in such matters as follows:

"It is well established that a municipality is under no duty to furnish a water supply to nonresidents in the absence of contractual relationship obligating it so to do." 5 Ill.App.2d at 449, 125 N.E.2d at 834.

In *Rehm* a contract was executed between Batavia and Hayes and Rague whereby Batavia agreed to furnish water to a subdivision being developed by Hayes and Rague. In order to convey the water to the subdivision land, an easement was granted to Hayes and Rague by Morris whereby a water main could be run across Morris's property thereby linking the subdivision tract with the Batavia water supply. Part of the consideration for this easement was the right of Morris to tap into the main. Morris then sold his interest to Rehm and assigned his rights arising out of the easement agreement. Rehm proceeded to develop the land by laying a four inch water main and making connections in several homes. Some seven years later, Batavia shut off the valves connecting Rehm water mains with the large main running between Batavia and the Hayes and Rague subdivision.

Although Batavia was aware of the Rehm use of water, the court upheld the city's right to cut off this supply in the absence of a duty to continue it. See also, *Gage v. Village of Wilmette* (1924), 315 Ill. 328, 146 N.E.2d 325.

■■ It appears from the record in the case at bar that the agreement relied upon by the plaintiff was executed to benefit the River Rand Subdivision. It further appears that the parcel of land which plaintiff seeks to have furnished with Des Plaines water lies without the subdivision to be served under that agreement. Although Des Plaines acquiesced in allowing the Ravenswood Kiwanis to tap into its water, it did not do so out of a duty stemming from the 1951 agreement. This being so, it cannot be forced to continue to supply the plaintiff's land, especially in view of the fact that plaintiff's contemplated development of its property would envision a substantial increase in the use of water over that required by the modest facilities of the Kiwanis Club's camp.

Were we to accept plaintiff's argument that water service could be mandated without a contractual basis, this Court would be confronted with disturbing problems. For instance, should geographical proximity to municipal boundaries serve as a basis for a claim to city water? Or should we look instead to geographical proximity coupled with the social benefit to be derived by the property served? By what standard do we assess the city's ability to continue supplying water over a long period of time when its own water requirements may be altered? Such questions are better answered by those governmental units whose special characteristics facilitate the formulation of such important policy, and changes in the law as are suggested by plaintiff are the proper province of the General Assembly, not this Court.

■■ Plaintiff's final argument to this Court is that the trial court committed error when it dismissed plaintiff's amended complaint for declara-

tory judgment without a hearing on the merits. Plaintiff appears to address itself here to the adequacy of a declaratory judgment action as a remedy when construction of a contract is in dispute. We must agree that declaratory judgment was a proper remedy to pursue.

However, when the circuit court allowed defendant's motion to strike and dismiss, impliedly it found that plaintiff was not entitled to the relief requested as a matter of law. The record supports a finding that the agreement pleaded by plaintiff in its complaint did not benefit plaintiff's property. Furthermore, plaintiff has pleaded nothing further upon which the relief requested, at least under the laws of this state, could be predicated. This being so, there was no abuse of discretion by the court below.

Order affirmed.

DEMPSEY and McNAMARA, JJ., concur.