EUGENE W. BRUBAKER, Plaintiff-Appellant, Cross-Appellee, *v.* COMMUNITY UNIT SCHOOL DISTRICT No. 16, SANGAMON AND MORGAN COUNTIES, *et al.*, Defendants-Appellees, Cross-Appellants.

Fourth District   No. 13538

Opinion filed March 17, 1977.

Thomas R. Miller, of Monticello, for appellant.

Presney, Casper & Feurer, of Springfield (Paul Presney, of counsel), for appellees.

Mr. JUSTICE MILLS delivered the opinion of the court:

Eugene Brubaker brought an action for writ of mandamus and money damages resulting from his alleged illegal dismissal as school superintendent. The trial court granted the school board's section 48 motion to dismiss and Mr. Brubaker appeals from that dismissal. The Board cross-appealed from that portion of the trial court's order which held that Mr. Brubaker had been dismissed by the Board of Education on January 28, 1974. We must affirm.

Several issues are raised. The first is whether possession of a current certificate of qualification is a prerequisite to plaintiff's reinstatement. The second issue is, assuming such possession is necessary, whether the action of the Board constituted an anticipatory repudiation of Brubaker's contract, thereby excusing Brubaker's failure to possess such a certificate.

The Board appeals the trial court's finding that the action of the Board at its January 28, 1974, meeting amounted to a dismissal of Brubaker. In view of our resolution of the first two issues, we find it unnecessary to address this particular issue.

Brubaker was employed as superintendent for the District #16 from July 1, 1969, to June 30, 1974. He held an all-grade supervisory certificate issued by the Illinois State Teachers Certification Board pursuant to section 21—1 of the School Code. (Ill. Rev. Stat. 1973, ch. 122, par. 21—1.) At a regular meeting on January 28, 1974, the Board defeated a motion to offer Mr. Brubaker a contract as superintendent for the school year 1974-1975. Subsequently another person was given such a contract and on September 12, 1974, Brubaker filed a complaint for writ of mandamus and money damages. The writ sought Brubaker's reinstatement as a tenured teacher. The complaint alleged that Brubaker had tenure and was dismissed in violation of the provisions of the teacher tenure law as outlined in section 24—12 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—12).

The Board filed a motion to dismiss with supporting affidavits to the effect that Brubaker was not dismissed but merely reassigned to new duties, but that Brubaker was not ready or willing to perform those duties. Brubaker filed a counteraffidavit disputing the Board's contentions. The Board then filed further affidavits showing that Brubaker had not filed an application for registration or renewal of his certificate of qualification until October 18, 1974. Brubaker filed an additional affidavit stating that it had not been the Board's policy to preclude a teacher's employment because of late registration of a certificate.

On August 19, 1975, the trial court entered its order dismissing the cause. The court found that the Board's action in voting not to renew Brubaker's contract was tantamount to dismissal. The court also found

that, because of Brubaker's failure to present himself for assignment on the first day of the 1974-1975 school year and his failure to register his teaching certificate before that day, he was not ready, willing and able to perform as a tenured teacher.

Plaintiff argues first that possession of a currently registered certificate of qualification is not a prerequisite to the issuance of a writ of mandamus reinstating him as a tenured teacher. We differ. The School Code provides that only persons holding a certificate of qualification may teach or supervise in the public schools (Ill. Rev. Stat. 1973, ch. 122, par. 21—1), and that such certificate must be registered annually on July 1 or within 60 days thereafter. (Ill. Rev. Stat. 1973, ch. 122, par. 21—14.) Plaintiff does not controvert the evidence of the affidavits that he failed to file for registration until over 100 days after July 1, 1974.

■■ By seeking a writ of mandamus, Brubaker had the burden of showing a clear legal right to the relief requested and of showing that the Board had a duty to do the act sought to be compelled. (*People v. School Directors* (1965), 58 Ill. App. 2d 282, 208 N.E.2d 301.) The trial court relied on *Riley v. School District No. 124* (1966), 75 Ill. App. 2d 35, 221 N.E.2d 424, for its holding that plaintiff had shown no clear right. Such holding was dead right.

In *Riley*, the plaintiff alleged that his contract for the 1957-58 school year had been breached by the district's refusal to allow him to teach although he had presented himself on the first day of school. The court held in *Riley* that, although plaintiff may have been ready and willing to teach, he was not able to perform. Riley's contract was expressly made subject to all the laws of Illinois, including that which required that the certificate of qualification must be registered before one begins to teach. Plaintiff had not registered and, therefore, could not properly tender his services. He was precluded from recovery of damages under his contract.

Mr. Brubaker argues that registration of the certificate is only necessary "before the holder begins to teach" (Ill. Rev. Stat. 1973, ch. 122, par. 21—16) and that since he is in no position to teach until a court orders his reinstatement, he has not transgressed that requirement. This same argument was presented to the court in *Riley* and rejected. (75 Ill. App. 2d 35, 40, 221 N.E.2d 424, 426.) Since plaintiff had sought a writ of mandamus, the lack of prior registration means plaintiff could show no clear and undoubted right to reinstatement.

The next issue is whether the Board's action constituted an anticipatory repudiation of Brubaker's employment contract thereby excusing his failure to possess a currently registered certificate of qualification.

The Board argues that plaintiff cannot raise this issue in this court as it was not presented to the trial court and therefore not preserved for review. On appeal, parties are restricted to the theories on which the case

was presented in the court below. (*Woman's Athletic Club v. Hulman* (1964), 31 Ill. 2d 449, 202 N.E.2d 528.) But plaintiff urges that, although not labeled "anticipatory breach," the concept was argued extensively before the trial court. A thorough review of the record, in our view, does not bear this out. In the trial court, plaintiff argued that there was no contract between Mr. Brubaker and the Board, that he was not seeking relief for breach of contract, but was requesting reinstatement by virtue of the statutory provisions. Obviously the concept of anticipatory repudiation was not presented when plaintiff argued that no contract was involved. Plaintiff also presented below an estoppel argument in that the Board had taken no action against the other teachers who had registered certificates late. But neither did his argument on this point present the issue of anticipatory repudiation to the trial court.

■■ ■ In any case, the argument cannot be sustained. Brubaker contends that the Board's dismissal was an anticipatory repudiation of his employment contract implied by law by virtue of the tenure provisions of the School Code. If there was such a repudiation, plaintiff argues that this excused his duty to perform conditions precedent to his employment, such as being possessed of a currently registered certificate at the time performance was due: the first day of the school year. However, plaintiff is not asking for contract damages. He is requesting that this court order the Board to perform that implied contract by reinstating him.

> " 'It is well settled that where one party repudiates the contract and refuses longer to be bound by it, the injured party has an election to pursue either of three remedies: He may treat the contract as rescinded, and recover upon *quantum meruit* so far as he has performed; *or he may keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform*, and at the end of the time specified in the contract for performance, sue and recover, under the contract; or he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing.' " *Alvey Ferguson Co. v. Ernst Tosetti Brewing Co.* (1913), 178 Ill. App. 536, 544. (Emphasis ours.)

Here plaintiff has attempted to treat the contract as continuing but was himself not ready and able to perform. (*Riley.*) Under these circumstances, the trial judge properly dismissed the cause.

Affirmed.

CRAVEN, P. J., and REARDON, J., concur.