116 Ill. App.3d 557 (1983)
451 N.E.2d 939
JOHN WILSON, Father and Next Friend of Lynn Wilson, a Minor, Plaintiff-Appellee,
v.
COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 10, Defendant-Appellant.
No. 83-213.
Illinois Appellate Court  Fifth District.
Opinion filed July 5, 1983.
*558 Dunham, Boman & Leskera, of Belleville (John W. Leskera and Russell K. Scott, of counsel), for appellant.
Joseph R. Brown, Jr., of Mudge, Riley and Lucco, of Edwardsville, for appellee.
Judgment reversed.
JUSTICE KASSERMAN delivered the opinion of the court:
Defendant, Collinsville Community Unit School District No. 10, appeals from an order which permanently enjoined it from continuing disciplinary action against Lynn Wilson, a junior at Collinsville High School. In an order entered May 26, 1983, we reversed the trial court's judgment, indicating that this opinion would follow.
On January 21, 1983, plaintiff, John Wilson, Lynn Wilson's father and next friend, filed a motion for a temporary restraining order and a complaint for injunction. The complaint for injunction alleged, inter alia, that Miss Wilson was suspended from school on November 24, 1982, when school personnel observed her in possession of between 80 and 100 pills. Subsequent testing indicated that the pills contained caffeine. On December 2, 1982, an expulsion hearing took place and a few days later the Collinsville Board of Education approved the suspension of Miss Wilson and expelled her "for the remainder of the 1982-1983 school year for gross misconduct." In the complaint for injunction, plaintiff alleged that the disciplinary actions taken by the school board were "arbitrary, unreasonable, and excessive acts in light of the nature of the conduct of the minor and the prevailing regulations of the Defendant at the time of the conduct."
On April 6, 1983, a hearing on the temporary restraining order *559 was conducted. Mr. Wilson testified that his daughter had not been in trouble previously and he did not know why she had pills in her possession.
Dallas Harrell, an assistant superintendent for defendant, testified that he was the hearing officer assigned to Miss Wilson's case and that it was his duty to investigate the matter for the school board. According to Mr. Harrell, when he questioned Miss Wilson she told him that the pills in her possession were to be delivered to other students and were for dieting. Miss Wilson further told Mr. Harrell that she was not selling the pills and that she did not know what caffeine was. Mr. Harrell stated that the student handbook's prohibition against "unauthorized drugs" might include aspirin, Tylenol, or vitamin pills but that it was not his responsibility to make such a determination.
John Renfro, defendant's school superintendent, testified that, based upon the evidence presented at Miss Wilson's expulsion hearing, he recommended to the school board that Miss Wilson be expelled because he considered her conduct to be "serious" and "destructive." Mr. Renfro indicated that generally when students are found either possessing or using "unauthorized drugs" they are immediately suspended and usually expelled. Mr. Renfro also stated that neither "drugs" nor "unauthorized" were defined in the student handbook.
The trial court granted the temporary restraining order, stating that it thought that "the punishment far outweighs the crime." The trial court further stated that it did not find the school board's disciplinary action to be arbitrary or capricious but concluded that under the circumstances, including Miss Wilson's good school record and the fact that the pills were not a controlled substance, Miss Wilson deserved another chance.
On February 4, 1983, the trial court reconvened for the purpose of determining whether the temporary restraining order should be made a permanent injunction. At this hearing, plaintiff requested that the trial court take judicial notice of the prior testimony presented at the hearing on the temporary restraining order, which the trial court did, and plaintiff then rested. Defendant, after arguing its motion to dismiss, then presented a number of witnesses.
Lynn Wilson, called as an adverse witness, admitted possession of the pills and testified that her possession of these pills was not for medicinal purposes.
Donna Rees, a forensic scientist with the Illinois Department of Law Enforcement, testified that the pills Miss Wilson possessed contained 65.4 milligrams of caffeine and 16.5 milligrams of ephedrine *560 per tablet.
Randall Webber, the State Prevention Coordinator for the Illinois Dangerous Drugs Commission, testified that caffeine pills constituted a "look alike" drug and were readily available to teenagers in the schools. It was Mr. Webber's opinion that the availability of "look alike" drugs in the school constituted a danger because it constituted a physical threat to students and created an unhealthy drug-oriented atmosphere. Mr. Webber testified that within the past two years there have been six confirmed deaths related to "look alike" drugs containing caffeine.
Chris Carlton-Rankaitis, director of Project Oz, which is a drug education and prevention agency, also testified regarding the prevalence of "look alike" drugs in the schools. She indicated that the use of caffeine pills created a risk of overdoses and of psychological dependence.
Ron Ganschinietz, the principal of Collinsville High School, testified that he was familiar with the drug problem among the students. He related that he previously had been shot by a student under the influence of drugs. Mr. Ganschinietz was of the opinion that the presence of "look alike" drugs in school has a disruptive effect on the educational process. Mr. Ganschinietz testified that he recommended to the school board that Miss Wilson be expelled for the remainder of the school year because of her possession of the caffeine pills. Mr. Ganschinietz stated that the previous records of students are not considered in determining whether to expel a student for possession of drugs because of the seriousness of such conduct. He also indicated that the school determined what constituted "unauthorized drugs."
On February 23, 1983, the trial court granted plaintiff's request for an injunction. The order stated in part:
"That at the hearing on the Temporary Restraining Order on January 25, 1983, plaintiff raised the issue of the possible violation of due process due to vagueness of the Collinsville High School Student Handbook marked as Plaintiff's Exhibit Number 2; that the Court does not reach the Constitutional issues in this cause.
* * *
That the Collinsville Community School District #10 abused its discretion and acted in an unreasonable manner in failing to give proper consideration to the prior good record of the student in question and acted in a manner far more severe than necessary to protect the other students in the school system when it expelled Lynn Wilson for the remainder of the 1982-83 *561 school year."
Defendant subsequently perfected this appeal.
Before we address defendant's assertions on appeal, we note that plaintiff in his brief urges that the prohibition of "unauthorized drugs" as set forth in the Collinsville High School Student Handbook is unconstitutionally vague. The handbook containing the words complained of provides as follows:
"Problem: Possessing, transporting and using unauthorized drugs and marijuana on campus and the school buses.
Policy: The possession, transportation and use of unauthorized drugs and marijuana are prohibited on school property, at authorized activities and on the school buses.
Discipline: Students found possessing or using unauthorized drugs on school property, school bus, or at an approved school activity being held on non-school property, will be suspended for ten (10) days and referred to the Board of Education for a hearing and possible expulsion from school for the remainder of the school year, and any evidence will be immediately submitted to the local police authorities for possible prosecution."
 1 Defendant argues that "[a]lthough veiled references were made to claims of constitutional deprivation, no specific allegations were ever made against the Board's action other than that it was arbitrary, unreasonable and capricious [and] the Board was never given the opportunity to formulate a response to the constitutional allegations." Therefore, defendant concludes the issue was not raised in the trial court and cannot be raised here on appeal. We agree.
The record on appeal indicates that plaintiff's arguments suggesting that the term "unauthorized drugs" was ambiguous were directed towards buttressing the plaintiff's contention that the action of the school board in expelling Miss Wilson was "arbitrary, unreasonable, and excessive." Contrary to the reference in the trial court's injunction order of February 23, 1983, we find that plaintiff's argument did not raise a constitutional question. Having failed to properly litigate the issue in the trial court, plaintiff cannot raise the issue on appeal. (See Brubaker v. Community Unit School District No. 16 (1977), 46 Ill. App.3d 588, 590-91, 360 N.E.2d 1228, 1230.) Therefore, the sole issue before this court is whether the trial court erred in enjoining defendant's expulsion of Miss Wilson when it determined that defendant's action was unreasonable, an abuse of discretion, and an excessive punishment.
 2,3 As stated in Donaldson v. Board of Education (1981), 98 Ill. App.3d 438, 424 N.E.2d 737, the Illinois courts have held that a decision *562 to suspend or expel a student will be reversed by a court of review only if it is arbitrary, unreasonable, capricious, or oppressive. As a guide to the application of this standard, the Donaldson court stated:
"School discipline is an area which courts enter with great hesitation and reluctance  and rightly so. School officials are trained and paid to determine what form of punishment best addresses a particular student's transgressions. They are in a far better position than is a black-robed judge to decide what to do with a disobedient child at school." 98 Ill. App.3d 438, 439, 424 N.E.2d 737, 739.
Applying the rationale of Donaldson to the case at bar, we conclude that the trial court erred in issuing the injunction.
The possibility of expulsion due to the possession of drugs is set forth in the Collinsville High School Student Handbook and, according to the testimony presented in the trial court, is uniformly applied. We would further observe that the dissemination of drugs, whatever their legal status, to fellow students endangers the physical health of those students and need not be tolerated by the school board. Here, it is undisputed that Miss Wilson intended to give her classmates pills containing caffeine and ephedrine. The former is a stimulant and the latter a bronchial dilator. Whether or not these chemicals are controlled substances, their potential for causing harm is considerable and apparent. The possibility of an allergic reaction to such drug exists; and a student may take an overdose or improperly mix the drug with another, creating a harmful interaction effect. Additionally, as urged by defendant, the distribution of any form of pills, however harmless, in the restricted environment of a school would directly contribute to the creation of a drug-oriented atmosphere and could lead to a psychological dependence on the part of some students. We conclude that in light of the potentially serious consequences of Miss Wilson's conduct, the school board was justified in its decision to expel her from school for one year.
 4 Although the trial court found that the action of the board was neither arbitrary nor capricious, we are asked by plaintiff to affirm the trial court's conclusion that Miss Wilson's punishment was too harsh in light of the circumstances. Applying the standard of Donaldson, we find that the defendant's actions were neither arbitrary, unreasonable, capricious nor oppressive; and we conclude, therefore, that Miss Wilson's expulsion was not "an abuse of the especially broad discretion given school officials in making disciplinary decisions." Donaldson v. Board of Education (1981), 98 Ill. App.3d 438, *563 439, 424 N.E.2d 737, 739.
For the foregoing reasons, the judgment of the circuit court of Madison County is reversed.
Reversed.
HARRISON, P.J., and JONES, J., concur.