## Ríchmond

CHRISTINE MELVIN BICKERS v. SHENANDOAH VALLEY NATIONAL BANK OF WINCHESTER, EXECUTOR, ETC., ET AL.

January 16, 1956.

Record No. 4356.

MILLER, J., delivered the opinion of the court.

The Shenandoah Valley National Bank of Winchester, trustee, etc., and others, appellees, filed a petition for rehearing of this cause. They urge that we alter and amend the majority opinion of September 14, 1955, reported in 197 Va. 145, 88 S. E. (2d) 889, and reverse the decree entered thereon.

It is asserted in the petition to rehear and in an *amicus curiae* brief presented by the Virginia Bankers Association that the majority opinion is erroneous and casts doubt upon the validity of revocable trusts. Reference at page 150 to the case of *Gentry* v. *Bailey*, 6 Gratt. (47 Va.) 594, 603, and the quotation therefrom are taken as condemnatory of revocable trusts. Our statement at page 156, calling attention to the revocability of the instrument in question is likewise construed as indicating that there is infirmity in the trust agreement because it is revocable. That statement follows:

"The instrument is not invalid because the trust funds (proceeds of the policies) are not distributable until after the maker's death, and it could be conceded that it is not invalid upon challenge by the widow solely because it is revocable by the maker at pleasure. Yet when these two provisions are coupled with its intended and actual dependence upon the existence of a valid will at the maker's death as a condition precedent to its efficacy, it is made manifest that no interest was conveyed *inter vivos*, and the maker's purpose and intent was that it operate only as an ambulatory and dispository instrument and that it was in fact testamentary in character."

The language used was not intended to indicate that the trust was

invalid because revocable or because the proceeds of the policies were not distributable until after the maker's death.

Those two provisions were referred to not because they, or either of them, render the trust invalid. They were mentioned because in this instrument, worded as it is and by its terms made wholly dependent upon a will for operative effect, they constitute internal evidence indicative of an intent that no expectancy was created by the trust and no interest or estate was intended to pass under the instrument to the trustee or beneficiaries until the maker's death.

The infirmity in the trust is not due to its revocability. It is due to the maker's expressed intent and dominant purpose that it not be effective until his death, and then only if he left a valid will.

The Justices who concurred in the majority opinion of September 14, 1955, are not inclined to reverse or amend the decree of that date, and the petition to rehear is

*Denied.*

Justices EGGLESTON, BUCHANAN and WHITTLE adhere to the views expressed in the dissenting opinion.