WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, Plaintiff-Appellee, *v.* MARGARITA H. WHISTON *et al.*, Defendants.—(EDWARD G. WHISTON, Defendant-Appellant.)

(No. 73-142;

Second District (1st Division)—August 6, 1975.

Scott R. Ridge, of Diver, Ridge, Brydges & Bollman, of Waukegan, for appellant.

Lewis D. Clarke, Jr., of Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

In April, 1948, Edward G. Whiston applied for a 20 pay life insurance policy from the Western and Southern Life Insurance Company, and the insurance company issued its policy to Edward G. Whiston with the defendant, Margarita H. Whiston, named as the beneficiary therein. The policy was paid up in full in April, 1968, with a face value of $3,694. Margarita H. Whiston and Edward G. Whiston were having marital difficulties and in June, 1971, the defendant, Margarita H. Whiston, executed a request for the payment of the cash surrender value of the policy in which she signed her own name as beneficiary and forged the name of her husband to the cash surrender request. In the month of June, based upon the request for the payment of the cash surrender value, the insurance company paid the same in the amount of $2,216.37 directly to the defendant, Margarita H. Whiston. The Whistons were divorced in August, 1971. No mention of the insurance policy in question appeared in the divorce decree. In January, 1972, defendant Edward G. Whiston made application for a policy loan and discovered that the policy had been cancelled and the cash surrender value thereof paid to his former wife. In May, 1972, the defendant Edward G. Whiston demanded that the insurance company reinstate his policy of insurance. The insurance company then demanded the defendant Margarita H. Whiston return the proceeds of the cash surrender value to them, which she refused to do.

Western and Southern Life Insurance Company thereupon filed their suit for declaratory judgment, asking that the trial court determine the rights of the parties as to the proceeds of the insurance policy paid by the insurance company to Margarita H. Whiston. The insurance company contended that if the court determined that the proceeds of the policy were due to Margarita Whiston, then the insurance company would have no further obligation under said policy to the defendant, Edward G. Whiston; that in the event that the court determined Margarita Whiston was not entitled to the proceeds and that Edward Whiston was entitled to have the policy reinstated, then judgment should be granted in favor of the insurance company and against the defendant, Margarita Whiston, in the amount of $2,216.37 and she should be directed to deliver the proceeds of said policy unto the court for payment to the plaintiff insurance company.

The trial court found that "* * * the wife was wrong in writing her husband's signature and that * * * the company probably can defend against the fact that they wrongfully paid. They paid the wrong

person." The court thereupon decreed that the defendant, Margarita Whiston, pay to the insurance company the sum of one-half of the cash surrender value of the policy, to-wit: $1,137.92, and that the insurance company reinstate the policy on the life of Edward G. Whiston in the amount of one-half of the original policy.

The trial court observed that had the judge in the divorce proceedings known of the existence of the policy he would probably have divided the proceeds between the parties. The trial court apparently has overlooked the fact that at the time of the divorce there was no issue presented on this point inasmuch as the plaintiff in that proceeding, Margarita Whiston, had already surrendered the husband's policy and had obtained the proceeds therefrom. The trial judge then held that the defendant, Margarita H. Whiston, was entitled to, and was the equitable owner of one-half of the proceeds of the policy.

The defendant, Edward G. Whiston, has appealed this finding of the trial court. The defendant, Margarita Whiston, has not entered her appearance or otherwise pleaded in this appeal. Likewise, the Western and Southern Life Insurance Company has failed to file a cross-appeal. Western and Southern has, in their brief, pleaded an anamalous alternative, i.e., (1) that the trial court was correct in directing that Margarita Whiston was entitled to one-half of the cash surrender value of the policy, and (2) that if this court finds that Western and Southern must reinstate the policy in full that then, and in that event, they are entitled to be reimbursed by Margarita Whiston for the whole amount which she received for the surrendering of Edward Whiston's policy.

■■ It is obvious that the company accepts the order of the trial court directing them to reinstate one-half of the original policy on Edward Whiston and by the order of the trial court the company is relieved from loss of the cash value paid for the other half of the original policy. While Margarita Whiston has not appealed, the brief of the insurance company is, in many respects, the defense of Mrs. Whiston's acts. For example, the insurance company contends that the trial court was correct in finding that Mrs. Whiston falsely signed her husband's name but did not forge his name. The niceties of the terminology are not important. While there is no criminal charge, where one signs the name of another and obtains something of value against the will of another, he has, in both the proper and legal sense, committed forgery. The next contention of the insurance company on behalf of Mrs. Whiston is that her husband ratified her forging of his name. This argument is based on the fact, not denied by Mr. Whiston, that the daughter of the parties, in a fit of anger with her father, testified that she told him that her mother had cashed in his policy. The contention then is that he knew the policy had been cashed in and

thereby ratified the same by not raising it in the prior divorce action. This argument was not raised in the trial court and is a new theory advanced by the insurance company for Margarita Whiston for the first time in this court. Arguments and theories may not be raised for the first time upon appeal. (*Wilson v. White Motor Corp.* (1969), 118 Ill.App.2d 436, 254 N.E.2d 277; *Woman's Athletic Club v. Hulman* (1964), 31 Ill.2d 449, 202 N.E.2d 528.) The insurance company next contends that the trial court was correct in equitably determining that Mrs. Whiston was entitled to one-half of the cash surrender value of the policy because "the court applied equitable principles and did not decide the case as a strict matter of law." At this point the insurance company returns to its basic contention that it is entitled to "the right of recovery of any monies held to be wrongfully paid to Margarita Whiston." As stated above, the Western and Southern Life Insurance Company has not filed a cross-appeal. The issue of whether Mrs. Whiston should be ordered to repay the full amount of the cash surrender value of the policy here in question is not before this court.

■■ We turn then to the basic question presented and that is whether the trial court was correct in finding that the Western and Southern Life Insurance Company should reinstate the policy here in question in one-half of the amount thereof. We find this portion of the trial court's order is against the manifest weight of the evidence. There is no question but that Edward Whiston was the sole person who could request the payment of the cash surrender value of his policy. Simply stated, the Western and Southern Life Insurance Company negligently paid out the proceeds on a forged signature to the wrong party. The defendant, Edward G. Whiston, is entitled to reinstatement of the policy in question in the full amount as originally issued.

■■ Accordingly, that portion of the order of the trial court finding that the Western and Southern Life Insurance Company should reinstate the policy in one-half of the amount of the original policy is reversed and the cause remanded for entry of an order directing the Western and Southern Life Insurance Company to reinstate the policy in the full amount as originally issued. While that portion of the order of the trial court directing Mrs. Whiston to pay Western and Southern Life Insurance Company one-half of the cash surrender value of the policy is not an issue before this court, we note that Mrs. Whiston, who forged her husband's name to obtain the cash surrender value of the policy, has no valid claim to any of the funds in question. That is, as between Western and Southern and Mrs. Whiston, Mrs. Whiston should be required to repay the full cash surrender value of the policy which she wrongfully obtained.

Reversed and remanded with instructions and for further proceedings not inconsistent with the views expressed herein.

T. MORAN, P. J., and SEIDENFELD, J., concur.