I concur. I write specially only to make one further point.
The case upon which Bertha Bernice Pinkley most heavily relies,Bigley v. Pacific Standard Life Insurance Co., 229 Conn. 459,642 A.2d 4 (1994), considered and found unpersuasive by the main opinion, did not involve the interpretation and application of a "facility of payments" statute. Although the insurer in that case, Pacific Standard Life Insurance Company, *Page 990 
sought to invoke the protection of § 38a-453(c), Conn. Gen.Stat., providing "facility of payment" protection under certain circumstances, the Bigley Court concluded that the statute, by its very terms, was inapplicable to the situation before it. The Court pointed out that the statute provided, in relevant part:
 "`[R]ights of creditors of insured against beneficiary. (a) The beneficiary of any life insurance policy, being a person other than the insured, whether named as beneficiary in the original policy or subsequently named as beneficiary in accordance with the terms of the policy, shall be entitled to the proceeds of the policy as against the representatives or creditors of the insured, unless the policy was procured or the designation of a beneficiary was made with intent, express or implied, to defraud creditors. . . .
 "`(c) The company issuing the policy shall be discharged of all liability thereunder by payment of the proceeds in accordance with the terms of the policy, unless, before such payment, the company has received written notice, from a creditor, executor or administrator of the insured, that the policy was procured or premiums were paid thereon with intent to defraud creditors. That notice may be disregarded by the company unless proper legal proceedings to enforce the claim are begun within three months from the giving of the notice.'"
229 Conn. at 462 n. 5, 642 A.2d at 6 n. 5.
The Court pointed out that "§ 38a-453(c) applies where the `policy was procured or the premiums were paid thereon with intent to defraud creditors' of the insured, circumstances not alleged in this case. Section 38a-453(c) is therefore inapposite." 229 Conn. at 464 n. 7, 642 A.2d at 7 n. 7.