Rose DESIA, Trustee Barbara Bess Trust, f/b/o Julius Solomon, Plaintiff–Appellant,

v.

GE LIFE & ANNUITY ASSURANCE CO., Defendant–Third–Party–Plaintiff–Appellee,

A.G. Edwards & Sons, Inc., Defendant–Third–Party–Defendant,

Betsy L. Palozzi, Cross–Defendant–Third–Party–Defendant,

Marilyn Bess Bennett, Christopher Couture, Estate of Barbara Bess, Gelaac, Edward S. Saviano, James B. Stewart, Third–Party–Defendants.

No. 08–5641–cv.

United States Court of Appeals, Second Circuit.

Oct. 28, 2009.

Constantino Fragale, Eastchester, NY, for Appellant.

Andrew W. Sidman (David G. Smitham, on the brief), Bressler, Amery & Ross P.C., New York, NY, for Appellee.

PRESENT: REENA RAGGI and DEBRA ANN LIVINGSTON, Circuit Judges, and BRIAN M. COGAN, District Judge.*

### SUMMARY ORDER

Plaintiff Rose Desia, trustee of the Barbara Bess Trust f/b/o Julius Solomon (the "Solomon trust"), appeals from an award of summary judgment in favor of defendant GE Life & Annuity Assurance Co. ("GE") on Desia's claim that GE breached contracts with Bess when, upon Bess's

---

* District Judge Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

death, it paid the proceeds of two annuities to Bess's sisters rather than to a trust intended to benefit Bess's longtime companion, Julius Solomon. We review an award of summary judgment *de novo,* and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Ollman v. Special Bd. of Adjustment No. 1063,* 527 F.3d 239, 245 (2d Cir.2008). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

### 1. *Bess's Intent*

█ Plaintiff submits that the district court erred in determining that she had failed to adduce sufficient evidence to raise a material question of fact regarding Bess's intent to have defendants pay the proceeds of her annuities to the Solomon trust rather than to her sisters, the original beneficiaries named in the policy. *See, e.g., Bigley v. Pac. Standard Life Ins. Co.,* 229 Conn. 459, 462, 642 A.2d 4 (1994) (holding insurer discharged from liability if, in good faith, it pays beneficiary designated by policyholder). We disagree. The district court carefully and accurately detailed the evidence of two change-of-beneficiary forms that Bess signed in blank before her death, but that her financial adviser, James Stewart, filled out and submitted to defendant only after Bess's death. The submitted forms indicated that the annuities' beneficiary was to be the "Barbara Bess Trust" rather than Bess's sisters. But, as the district court observed, no such trust exists. The only trusts relevant to this action are the Solomon trust and the Barbara Bess Charitable Remainder Unitrust, of which Bess's sisters were the beneficiaries. The only

evidence plaintiff proffered to support her claim that Bess intended to make the Solomon trust the beneficiary of her annuities was Desia's own testimony that Bess asked whether Desia, as trustee of the Solomon trust, was required to sign the change of beneficiary form. Desia Dep. at 119:16. This statement raises no triable fact issue because a jury would have to engage in impermissible speculation to infer from this single query that Bess intended her annuities to be paid to Julius Solomon. *See Harlen Assocs. v. Inc. Vill. of Mineola,* 273 F.3d 494, 502 (2d Cir.2001). Desia acknowledged that Bess never said anything to her indicating an intent to have the proceeds of her annuities paid to Solomon. Further, the record is replete with uncontradicted evidence that Bess completed the change of beneficiary form in accordance with her estate plan, which named her estate as the beneficiary of all her qualified annuities. *See, e.g., Holcomb v. Iona Coll.,* 521 F.3d 130, 137 (2d Cir. 2008). Accordingly, like the district court, we conclude that Desia failed to adduce evidence sufficient to defeat summary judgment.

### 2. *Stewart's Credibility*

█ Desia also argues that material questions of fact as to the credibility of Bess's financial adviser, James Stewart, precluded summary judgment. We are not persuaded. Although witness credibility is usually a question of fact for the jury, *see, e.g., Dillon v. Morano,* 497 F.3d 247, 254 (2d Cir.2007), "[b]road, conclusory attacks on the credibility of a witness will not, by themselves, present questions of material fact" for trial, *Island Software & Computer Serv., Inc. v. Microsoft Corp.,* 413 F.3d 257, 261 (2d Cir.2005). A plaintiff opposing summary judgment must still "identify affirmative evidence from which a jury could find that the plaintiff has car-

ried ... her burden of proving the pertinent [intent]." *Crawford–El v. Britton,* 523 U.S. 574, 600, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *see also McCullough v. Wyandanch Union Free Sch. Dist.,* 187 F.3d 272, 280 (2d Cir.1999) (observing that party "cannot defeat summary judgment ... merely by impugning [a witness's] honesty").

Desia attacks Stewart's credibility based on the witness's acknowledgment that, in a 2000 affidavit, he had "embellished" his recollection about the life-threatening nature of Bess's illness. *See* Stewart Dep. at 33. Desia also identifies evidence impugning Stewart's competence as a financial adviser, *e.g.,* evidence that Stewart (1) had Bess sign a blank form, (2) did not recollect Bess's lawyer's written instructions, (3) misunderstood who should be the new beneficiary, and (4) did not attempt to correct the form for four months after realizing the forms had been incorrectly filled out. This general attack on Stewart's competence, even if credited, provides no evidence that would permit a reasonable jury to find that Bess intended to designate Julius Solomon or the Solomon trust as the beneficiary of her annuities. Accordingly, we uphold the award of summary judgment in favor of defendants.

We have considered plaintiff's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.