Ronald A. White, United States District Judge
Before the court is the motion of the plaintiff for partial summary judgment. Plaintiff sues defendant under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq. , and the Federal Safety Appliance Act ("FSAA"), 49 U.S.C. §§ 20301 - 20306. The complaint states that Count One is for strict liability and Count Two is for negligence. Plaintiff alleges that while he was working as a conductor for defendant on October 1, 2016, the train on which he was assigned to work was equipped with a defective and insufficient coupler. He alleges the coupler broke in the course of the operation of the train, which required plaintiff to change out the *1245 broken knuckle. During the course of doing so, plaintiff suffered injury. Plaintiff contends the defective and insufficient coupler is a violation of the FSAA and imposes strict liability on defendant. He further asserts that defendant failed to provide a safe workplace in violation of the FELA.
Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party; a fact is material when it might affect the outcome of the suit under governing law. See Foster v. Mountain Coal Co. , 830 F.3d 1178, 1186 (10th Cir.2016). The court must view all evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC , 887 F.3d 1003, 1026 (10th Cir.2018).
In the present motion, plaintiff seeks judgment as a matter of law (1) regarding defendant's affirmative defense of contributory negligence and (2) as to causation. In plaintiff's view, the only disputed issue for the jury to determine is the amount of plaintiff's damages. Defendant has responded in opposition.
The FELA is a remedial and humanitarian statute that imposes liability to protect the safety of railroad employees. Matson v. Burlington N. Santa Fe R.R. , 240 F.3d 1233, 1235 (10th Cir.2001). It is to be construed liberally to effectuate congressional intent. Atchison, Topeka & Santa Fe Ry. Co. v. Buell , 480 U.S. 557, 562, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987). It permits railroad workers to recover for injuries caused by the negligence of their employers or fellow employees. Robinson v. BNSF Ry. Co. , 553 Fed.Appx. 792, 795 (10th Cir.2014) (citation omitted). Liability under the FELA is premised on the railroad's negligence, however small. King v. S. Pac. Transp. Co. , 855 F.2d 1485, 1489 n.1 (10th Cir.1988).[1]
In addition to recovering for negligence under the FELA, a plaintiff can recover for a violation of the FSAA, which is considered an amendment to the FELA. Rine v. Burlington Northern Santa Fe Ry. Co. , 2012 WL 3599182, *3 (N.D.Okla.2012). The FSAA does not create an independent cause of action, but railroad employees can recover for violations of the FSAA under the FELA. Crane v. Cedar Rapids & Iowa City Ry. Co. , 395 U.S. 164, 166, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969). In other words, the FSAA provides the basis for the claim, and the FELA provides the remedy. See Grogg v. Mo. Pac. R.R. Co. , 841 F.2d 210, 212 (8th Cir.1988). In order to recover on a FELA claim premised on a violation of the FSAA, plaintiff need not prove negligence, but need only prove the statutory violation. Metcalfe v. Atchison, Topeka & Santa Fe Ry. Co. , 491 F.2d 892, 895 (10th Cir.1974). In addition, however, plaintiff must prove that the statutory violation was a causative factor contributing in whole or in part to the accident that caused his injuries. Grogg , 841 F.2d at 212.
As to statutory violation, the Supreme Court has held as a matter of law that the failure of couplers to remain coupled until released constitutes a violation of 49 U.S.C. § 20302(a)(1)(A). See *1246 O'Donnell v. Elgin, Joliet & E. Ry. Co. , 338 U.S. 384, 70 S.Ct. 200, 94 L.Ed. 187 (1949). A broken knuckle causing couplers to separate thus falls within the Court's reasoning. See Kukowski v. Soo Line R.R. Co. , 2018 WL 834235, *14 (D.Minn.2018) ("Under the clear language of O'Donnell , a knuckle which fails to remain coupled until released constitutes a per se violation of the FSAA").
Regarding the factual question of whether the knuckle was broken, defendant asserts the court should not accept plaintiff's eyewitness testimony because credibility determinations are not appropriate regarding a summary judgment motion, citing Keith v. Koerner , 843 F.3d 833, 852 (10th Cir.2016). The court finds that principle inapposite here. A non-movant may not create a genuine dispute of material fact by simply challenging the credibility of a witness, even if the witness is a party. Rather, the opposing party must offer specific facts that call into question the credibility of the witness. See Desia v. GE Life & Annuity Assurance Co. , 350 Fed.Appx. 542, 544-45 (2d Cir.2009) ; TypeRight Keyboard Corp. v. Microsoft Corp. , 374 F.3d 1151, 1158 (Fed.Cir.2004).
Defendant has not done so, and indeed plaintiff's testimony is not the only evidence on the matter. Photographs of the broken device are present in the record. (See # 39, Exhibit E). Defendant has presented no evidence to the contrary. See also Rule 56(c)(1) F.R.Cv.P. and Rule 56.1(d) of the Local Civil Rules. Plaintiff sets forth his factual assertion at docket no. # 38, pages 9-10 of 23 in CM/ECF pagination, ¶ 7. In response, defendant asserts in conclusory fashion that the alleged material fact is "in dispute," but relies only on the credibility argument. (# 43 at 1-2). Summary judgment is granted in plaintiff's favor on the issue of statutory violation.[2]
The court now turns to the issue of causation. A "relaxed standard of causation applies under FELA." CSX Transp., Inc. v. McBride , 564 U.S. 685, 691-92, 131 S.Ct. 2630, 180 L.Ed.2d 637 (2011). As to a FSAA claim, plaintiff must show that the statutory violation was a causative factor contributing in whole or in part to the accident that caused his injuries. Beimert v. Burlington N., Inc. , 726 F.2d 412, 414-15 (8th Cir.1984).[3] See also 45 U.S.C. § 51. Causation would be straightforward if, for example, a coupler detached and this caused a railroad car to derail, injuring a passenger in the car. In the present case, plaintiff was not injured until he sought to repair or replace the knuckle. The obvious question is whether the applicable standard establishes "but-for causation." In other words, if not for the knuckle breaking, plaintiff would not have attempted to replace the knuckle, which he contends led to his injury.
Indeed, the dissent in McBride expressed the view that the Supreme Court was establishing "no limit at all. It is simply 'but for' causation." McBride , 564 U.S. at 706, 131 S.Ct. 2630 (Roberts, C.J., dissenting). This court is not persuaded, at least in a case of the present type. For example, the majority in McBride cited *1247 with approval Richards v. Consol. Rail Corp. , 330 F.3d 428 (6th Cir.2003). In Richards , a defective brake malfunctioned en route, and the employee was injured while inspecting underneath the train to locate the problem. In the same footnote, the Supreme Court also cited with approval Norfolk Southern R. Co. v. Schumpert , 270 Ga.App. 782, 608 S.E.2d 236 (2004), in which the employee was injured while replacing a coupling device that fell to the ground, as in the case at bar. Both cases were submitted to a jury. The Supreme Court stated that the causal link was "hardly farfetched," but that those courts observed that the evidence did not show mere "but-for causation." McBride , 564 U.S. at 700 n.9, 131 S.Ct. 2630. "[I]f as a result of a defective appliance a plaintiff is required to take certain actions and he or she is injured while taking those actions, the issue of causation generally should be submitted to a jury." Richards , 330 F.3d at 437. See also Kukowski , 2018 WL 834235, *15 (parties' dueling theories of causation "present the quintessential issue of fact for the jury").
This is logical, because if the plaintiff's negligence was the sole cause of the injury, then the violation of FSAA could not have contributed in whole or in part to the injury. Onysko v. Delaware & Hudson Railway Co. Inc. , 2017 WL 372235, *4 (M.D.Penn.2017). Plaintiff contends that defendant has waived any "sole cause" defense because it was not stated as an affirmative defense in defendant's answer. The court disagrees. The liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses. Stapp v. Curry Co. Bd. of Comm. , 672 Fed.Appx. 841, 846 (10th Cir.2016). The court must avoid hyper-technicality in pleading requirements and focus instead on enforcing the actual purpose of the rule. Id. The purpose of Rule 8(c) F.R.Cv.P. is to give the opposing party notice of the defense and an opportunity to respond. Ahmad v. Furlong , 435 F.3d 1196, 1201 (10th Cir.2006). Defendant's answer states defendant "affirmatively asserts the theory of intervening cause as a complete or partial bar to any recovery by Plaintiff." (# 6 at 3, ¶ 16).[4] The phrase "intervening cause" is usually associated with traditional proximate cause analysis, but the court finds it close enough. The alleged intervening cause is obviously plaintiff's conduct. The court sees no prejudice or unfair surprise, as proof of causation is part and parcel of plaintiff's burden of proof. Accordingly, the court finds no waiver.
In the alternative, plaintiff argues that a sole-cause defense is futile because defendant cannot meet the high threshold. The court finds this to be an issue for the jury. Plaintiff cites McCarthy v. Penn R. Co. , 156 F.2d 877 (7th Cir.1946). In that case, the court disapproved the district court's sole-proximate-cause jury instruction where "there was no evidence of any independent acts of negligence by the decedent that were the sole cause of the accident and his death." Id. at 882 (emphasis added). Here, defendant has pointed to sufficient evidence to present a genuine dispute of material fact. (See # 43 at 2).
Turning to plaintiff's standard FELA claim (count two - negligence), plaintiff must prove the traditional common-law elements of negligence. These are: duty, breach of duty, foreseeability and causation. Rine v. Burlington Northern Santa Fe Ry. Co. , 2012 WL 3599182, *3 (N.D.Okla.2012). Because the court has found as a matter of law that the defective coupler constitutes a per se violation under FSAA, it therefore establishes duty and breach of duty as a matter of law. The *1248 parties have of course addressed causation, but have not addressed foreseeability. The court finds summary judgment is not appropriate in plaintiff's favor regarding foreseeability and causation. Therefore, the FELA general negligence claim will also be submitted to the jury.[5]
As to the FSAA claim, plaintiff argues that he is entitled to partial summary judgment as to defendant's defense of contributory negligence. The governing statute is 45 U.S.C. § 53. When the claim is one of general negligence under FELA, "a plaintiff's contributory negligence will not bar recovery, but it may reduce damages." Kukowski , 2018 WL 834235, *16 (D.Minn.2018). By contrast, "Defendant may not assert contributory negligence as a defense to Plaintiff's FSAA claim." Rather, "once a violation of the FSAA is established ... a plaintiff's contributory negligence, if any, may not be considered at all." Id.[6] Defendant essentially concedes the matter as to the FSAA claim, but not as to the general negligence claim under FELA. The court agrees with defendant. "[C]ontributory negligence remains a viable partial defense to a claim of general negligence, but it may not be used when a claim is predicated on a statutory violation." Id. In a sense, the basis for plaintiff's general negligence claim is also "predicated on a statutory violation," but such was the situation in Kukowski , and that court nevertheless ruled as described. The interplay when both an FSAA claim and a FELA claim are asserted is somewhat convoluted, but the court is persuaded the foregoing is correct under the present record.
It is the order of the court that the motion of the plaintiff for partial summary judgment (# 37) is hereby granted in part and denied in part. The court finds (1) defendant violated 49 U.S.C. § 20302(a)(1)(A) ; and (2) defendant may not assert contributory negligence as a defense to Count One (plaintiff's FSAA claim). In all other respects, the motion is denied.
ORDERED this 16th day of October, 2018.

Liberal construction does not, however, mean that the FELA is a workers' compensation statute. It does not make the employer the insurer of the safety of its employees while they are on duty. The basis of the employer's liability is its negligence, not the fact that injuries occur. Consolidated Rail Corp. v. Gottshall , 512 U.S. 532, 543, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994).

In the alternative, plaintiff contends defendant violated 49 C.F.R. § 215.123(b) or (c), involving breaks or cracks in knuckles. Assuming plaintiff still wishes to pursue this alternate theory, the court denies summary judgment on this point. Those regulations specify a location in the knuckle for a break or crack and the record is unclear if the knuckle in the case at bar was broken or cracked in those precise locations.

In Summers v. Mo. Pac. R.R. Sys. , 132 F.3d 599, 606-07 (10th Cir.1997), the Tenth Circuit stated that the Supreme Court has "abandoned" proximate cause to determine liability under the FELA. See also Wilson v. Union Pacific Railroad , 56 F.3d 1226, 1230 (10th Cir.1995). This does not mean (in one sense) that FELA is a strict liability statute, because "[a] relaxed causation requirement is not the same as no requirement at all." Id.

In ¶ 18 of its answer, defendant reserves other possible affirmative defenses.

In Rine v. Burlington Northern Santa Fe Ry. Co. , 2012 WL 3599182, *3 (N.D.Okla.2012), the court granted summary judgment for defendant as to the general negligence claim for lack of proof as to foreseeability, while denying summary judgment as to the claim based on violation of the FSAA.

The court is aware that it seems anomalous to preclude (in part) evidence of contributory negligence while allowing evidence as to "sole cause." The answer is that the latter evidence goes to the issue of causation. "Proof that the employee's own negligence was the sole cause of his or her injury is a valid defense because it eliminates the possibility that the regulatory violation contributed in whole or in part to the injury." Walden v. Illinois Central Gulf R.R. , 975 F.2d 361, 364 (7th Cir.1992).